William G. Miossi (*pro hac vice* admission pending)
WMiossi@winston.com
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, DC 20036
Telephone:    (202) 282-5000
Fax:             (202) 282-5100

Leandro F. Delgado (SBN 293738)
LDelgado@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone:    (415) 591-1000
Fax:             (415) 591-1400

Attorneys for Petitioner
SUNRISE OPERATIONS LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNRISE OPERATIONS, LLC, <br><br> Petitioner, <br><br> v. <br><br> INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS, <br><br> Respondent. | **Case No. 3:21-cv-984** <br><br> **PETITION TO CONFIRM IN PART AND VACATE IN PART ARBITRATION AWARD** |

**INTRODUCTION**

An arbitrator issued an award that resolves the narrow, single jurisdictional question submitted to him but that also (1) squarely contradicts unambiguous and substantive terms of the parties' collective bargaining agreement; (2) exceeds the written terms enjoining an arbitrator from amending terms of the parties' collective bargaining agreement; and (3) exceeds the boundaries of the jurisdictional issue submitted to him, all in violation of the principles explained in *ASARCO LLC v. United Steel*, 910 F.3d 485, 490 (9th Cir. 2018).  Accordingly, Petitioner Sunrise Operations LLC asks that the award at issue be confirmed in part and vacated in relevant part.

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and pursuant to 28 U.S.C. § 1331.

2.      Petitioner is an employer in an industry affecting commerce, as those terms are defined in 29 U.S.C. §§ 142 and 152.

3.      Respondent is labor organization representing employees in an industry affecting commerce, as those terms are defined in 29 U.S.C. §§ 142 and 152.

4.      Venue is proper in this district pursuant to 29 U.S.C. § 185(c) and 28 U.S.C. § 1391(b)(2)–(3).

**INTRADISTRICT ASSIGNMENT**

5.      Assignment to the Oakland or San Francisco Division is proper because a substantial part of the events or omissions which give rise to the claim occurred in Marin and Alameda Counties, California.

**PARTIES**

6.      Petitioner Sunrise Operations LLC ("Sunrise") is a North Carolina limited liability company with its principal place of business at 7427 Matthews Mint Hill Road, Suite 105, PMB 405, Mint Hill, North Carolina 28227.

7.      Respondent the International Organization of Masters, Mates & Pilots ("MM&P") is a labor organization with offices at 548 Thomas L. Berkley Way, Oakland, CA 94612.

1

**FACTUAL ALLEGATIONS**

2

**A.  Section XXXVI of the CBA: Grievance Procedure and Arbitration Provision**

3      8.      In 1981, MM&P, on behalf of its members, signed a collective bargaining agreement

4   with various U.S. flag shipping companies ("the CBA").  The CBA governs the employment terms

5   and conditions of Licensed Deck Officers ("LDOs") serving aboard four oceangoing vessels: the

6   *Enterprise*, the *Pacific*, the *Reliance*, and the *Spirit* (collectively, "the Horizon Vessels"), that have

7   been operated by Sunrise since May 27, 2015.

8      9.      The Horizon Vessels have changed ownership a number of times over the years.  As a

9   result, different companies have employed the LDOs, and each of those companies agreed to be bound

10  by the terms of the CBA for the duration of their employment relationship with the LDOs.

11     10.     On May 27, 2015, Sunrise assumed certain rights and obligations under the CBA from

12  the LDOs' previous employer, Horizon Lines, Inc., when Sunrise acquired the Horizon Vessels.

13     11.     Section XXXVI of the CBA contains a Grievance Procedure and Arbitration provision

14  to resolve disputes arising under the CBA.  Section XXXVI provides in relevant part that

15
16
17
18
19

> [a]ll disputes relating to the interpretation or performance of this Agreement which may arise between the Parties to this Agreement shall be determined by a Licensed Personnel Board consisting of two persons appointed by the Organization and two persons appointed by the Company. The Parties shall submit any such dispute for decision by the Board and they agree to be bound by the decision of a majority thereof. . . . In the event no settlement is reached by the Board, the issue may be referred to **the Arbitrator** by either Party for arbitration. The cost of the arbitration shall be borne equally by the Organization and the Company involved.

20  **Ex. A** (Section XXXVI(1)) (emphasis added).

21     12.     Section XXXVI of the CBA provides that any disputes that the Licensed

22  Personnel Board ("LPB") is unable to resolve by majority vote may be referred to "the

23  Arbitrator" for resolution, and that "Burton B. Turkus shall serve as Arbitrator, and Eva

24  Robbins shall serve as Alternate Arbitrator."  ***Id.*** (Section XXXVI(1)–(2)).[1]

25     13.     The CBA further provides "[t]he Arbitrator will serve as Chairman of any

26  meeting of the Licensed Personnel Board without vote.  If said Board resolves any grievance,

27

28

---

[1] Mr. Burton and Ms. Robbins have both passed away since their appointment as Arbitrator and Alternate Arbitrator, respectively.

either by a majority vote or by mutual agreement, said grievance shall be deemed settled, and the decision shall be final and binding." *Id.* (Section XXXVI(3)). "In the absence of such final disposition by the Licensed Personnel Board, the Arbitrator will then have jurisdiction of the case to render a decision as Arbitrator." *Id.* (Section XXXVI(4)).

14. The LPB is to meet at a "regular monthly meeting." *Id.* (Section XXXVI(5)). "If there are no grievances to be presented at any designated monthly meeting, the Arbitrator will be given twenty-four (24) hours' notice by the Parties prior to the date of such meeting and said meeting will be cancelled." *Id.*

15. The CBA also provides that either party may convene the LPB, chaired by the Arbitrator, for "emergency" meetings outside the regular monthly meetings. *Id.* (Section XXXVI(6)). Such meetings are to be convened by giving notice to the other party and to "the Arbitrator." *Id.* The purpose of these emergency meetings is "to consider a grievance the nature of which requires immediate disposition" and the LPB is to "meet as expeditiously as possible but in no event later than twenty-four (24) hours after receipt of said notice." *Id.* The decision of the LPB, or the Arbitrator, following the emergency meeting is to be issued "forthwith and in no event later than five (5) hours after the conclusion of the hearing." *Id.*

16. The Arbitrator and Alternate Arbitrator serve for one-year terms, subject to termination by either party. "During the fifteen (15) days before each anniversary date of this Agreement commencing with June 16, 1977, either the Company or the Organization shall have the unrestricted right to terminate the appointment of the Arbitrator or the Alternate Arbitrator, or both." *Id.* (Section XXXVI(2)).

17. The Arbitrator and Alternate Arbitrator referenced in the CBA were terminated. The CBA stipulates:

> In the event the Arbitrator is terminated, the Alternate Arbitrator shall succeed to such position, and the Parties shall promptly meet to attempt to agree upon this [*sic*] selection of a new Alternate Arbitrator. If no agreement is reached within seven (7) days after the termination takes place, the Alternate Arbitrator shall be selected under the provisions of the American Arbitration Association governing the selection of an ad hoc Arbitrator.

**In the event the Alternate Arbitrator is terminated, or both the Arbitrator and the Alternate Arbitrator are terminated in the same year,** the successor, or successors shall be selected in accordance with the foregoing provisions . . . .

***Id.*** (emphasis added).

**B. September 2020 Arbitration and Arbitrator Hoh's Award**

18.     Despite the express provisions of Section XXXVI of the CBA—requiring that "[a]ll disputes relating to the interpretation or performance of this Agreement which may arise between the Parties to this Agreement shall be determined by a Licensed Personnel Board"—in April 2020 MM&P bypassed the LPB and unilaterally submitted a grievance to arbitration directly to the American Arbitration Association ("AAA").  Arbitrator Ronald Hoh was ultimately appointed by the AAA to consider the case over Sunrise's objection.

19.     Pursuant to Section XXXVI of the CBA, Sunrise challenged the jurisdiction of Arbitrator Hoh to resolve the dispute because the MM&P refused to cooperate in constituting the LPB, which has primary jurisdiction to consider all grievances as expressly required by Section XXXVI(1) of the CBA.

20.     Following a hearing and briefing, Arbitrator Hoh issued an Award on November 20, 2020,[2] agreeing with Sunrise's position, concluding "in this jurisdictional dispute" that "the parties are required, absent agreement to the contrary, to proceed to a Licensed Personnel Board hearing in this case under Section XXXVI(1) and (3) of the contract in this grievance case."  **Ex. B** (Award) at 15.

21.     But Arbitrator Hoh then deviated from the clear and express provisions of the CBA. Where the CBA provides that "the Arbitrator" shall preside over a "regular monthly meeting" of the LPB, serve as the LPB's chairperson at each of those meetings, and serve for renewable one-year terms, **Ex. A** (Section XXXVI), Arbitrator Hoh ruled that the parties were to constitute an LPB and select an arbitrator but that such arbitrator "shall not be designated as the Licensed Personnel Board's Permanent Arbitrator or Alternate Arbitrator under Section XXXVI(2) of the contract unless both parties agree to the contrary," **Ex. B** (Award) at 16.

---

[2] The Award is dated November 9, 2020, but was served on the parties on November 20, 2020.

22.   The quoted statement in the Award referenced above in Paragraph 21 squarely contradicts the terms of Section XXXVI(2) of the CBA establishing the procedure for selecting a replacement LPB Chair/Arbitrator.  Consequently, on December 10, 2020, Sunrise requested that Arbitrator Hoh correct what counsel presumed was a typographical error in the sentence "shall not be designated as the Licensed Personnel Board's Permanent Arbitrator or Alternate Arbitrator under Section XXXVI(2) of the contract unless both parties agree to the contrary"—requesting that the "not" in the foregoing sentence be deleted from the Award.  **Ex. C** (December 10, 2020 Email).[3]

23.   On December 17, 2020, Arbitrator Hoh responded that there was no typographical error in the sentence and added:

> In my judgment, as I believe was clearly expressed in my decision in this area, the selection by the parties of the Permanent and Alternate arbitrators is entirely too important to be left to whomever the AAA places on its arbitration list in any particular grievance.  In my nearly thirty-five years in this business, I have seen the selection of permanent (or alternate) arbitrators only occurring by negotiations and agreement of the parties themselves.  It is highly unlikely that the 1984 arbitrators selected for that function came from a list of five or seven names contained on an AAA lor [sic] other neutral agency list for a particular grievance.

**Ex. D** (Dec. 17, 2020 Email).

## CLAIM FOR RELIEF
### (Petition to Confirm in Part and Vacate in Part Labor Arbitration Award — LMRA § 301, 29 U.S.C. § 185)

24.   Petitioner repeats and incorporates by reference each of the foregoing allegations as if fully set forth herein.

25.   The portion of Arbitrator Hoh's Award concerning appointment of a permanent Arbitrator/LPB Chair contradicts the express terms of the CBA and fails to draw its essence from the CBA.  As Arbitrator Hoh made clear in his December 17, 2020 email, he was dispensing his own brand of industrial justice when he ignored the CBA's express mechanism for selecting and appointing a permanent Arbitrator/LPB Chair to resolve grievances and purported to create an "ad hoc" method whereby each grievance between the parties would be submitted to an LPB chaired by a different arbitrator on a one-off basis.

26.   Arbitrator Hoh ignored material, unambiguous terms of the CBA itself in crafting the

---

[3] Counsel's request was made pursuant to AAA Labor Arbitration Rule 40.

1  above referenced portion of the Award concerning selection and appointment of a permanent

2  Arbitrator/LPB Chair, and in doing so wrongfully amended the CBA.  Section XXXVI(2) of the CBA

3  instructs that "the Arbitrator shall be without authority to amend the terms of the Collective Bargaining

4  Agreement."  **Ex. A** (Section XXXVI(2)).

5        27.     Yet, Arbitrator Hoh exceeded his authority and amended Section XXXVI of the CBA

6  by requiring that a new "ad hoc" arbitrator be selected to chair the LPB to address each individual

7  grievance as they arise.

8        28.     The Award thus eliminates Section XXXVI(6), which provides a permanent

9  mechanism for the parties to convene emergency meetings of the LPB, which cannot happen without

10  a permanent arbitrator/LPB Chair in place.

11        29.     Finally, by amending Section XXXVI, Arbitrator Hoh exceeded the boundaries of the

12  matter submitted to him, which, as Arbitrator Hoh recognized at the outset, "was limited to a

13  determination of arbitral jurisdiction under Section XXXVI of the contract."  **Ex. B** (Award) at 2.

14  Yet, Arbitrator Hoh went further after determining the sole jurisdictional question presented and

15  proceeded to alter and amend the substantive terms of the CBA.

16  **PRAYER FOR RELIEF**

17        WHEREFORE, Petitioner Sunrise Operations LLC prays that the Court issue an Order (1)

18  vacating the portion of Arbitrator Hoh's Award that requires the appointment of an "ad hoc"

19  arbitrator/LPB Chair instead of a permanent arbitrator/LPB Chair who is subject to the one-year

20  renewal provision of Section XXXVI(2), and (2) confirming the remaining portions of Arbitrator

21  Hoh's Award.

22  Dated: February 8, 2021          WINSTON & STRAWN LLP

23                   By:  */William G. Miossi*

24  Leandro F. Delgado (SBN 293738)     William Miossi (*pro hac vice* admission pending)
    LDelgado@winston.com              WMiossi@winston.com

25  101 California Street, 35th Floor        1901 L Street, NW
    San Francisco, CA  94111-5840        Washington, DC 20036

26

27                        Attorneys for Petitioner
                          SUNRISE OPERATIONS LLC

28